UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIMBERLY MARKEL,

                    Plaintiff,

          v.

THE NEW SCHOOL,

                    Defendant.

**ANSWER**

Civil Action No. 1:24-cv-02143-LAP

Defendant, The New School ("Defendant"), as and for its answer to Plaintiff, Kimberly Markel's ("Plaintiff") Complaint, states as follows:

1.      With respect to the allegations set forth in paragraph 1, ADMITS that Plaintiff is a contingent faculty member at the University of Parsons School of Design, ADMITS that Plaintiff joined the faculty of Parsons' SCE in January 2020 to teach a required course for undergraduate students, DENIES that Plaintiff was under the supervision of a Professor John Roe, and DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the remaining allegations in said paragraph.

2.      With respect to the allegations set forth in paragraph 2, ADMITS that Defendant received three reports regarding Professor Roe prior to 2020, ADMITS that one of these reports contained an allegation of harassment, and DENIES the remaining allegations in said paragraph.

3.      With respect to the allegations set forth in paragraph 3, ADMITS that Defendant received a report in 2017 regarding Professor Roe harassing a student, ADMITS that the Dean of the Department and Program Director were alerted to this report, ADMITS that Professor Roe was given a warning regarding his conduct, and DENIES the remaining allegations in said paragraph.

4.     With respect to the allegations set forth in paragraph 4, ADMITS that Defendant was alerted in 2019 regarding concerns with Professor Roe's behavior, ADMITS that the reporting individuals failed to follow up with the Title IX Office, and DENIES the remaining allegations in said paragraph.

5.     DENIES the allegations set forth in paragraph 5 of the Complaint.

6.     With respect to the allegations set forth in paragraph 6, DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to whether Plaintiff was aware of reports of alleged misconduct regarding Professor Roe and DENIES the remaining allegations in said paragraph.

7.     Paragraph 7 contains legal conclusions for which no response is required, but to the extent a response is required, DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to Professor Roe's awareness and DENIES the remaining allegations in said paragraph.

8.     With respect to the allegations set forth in paragraph 8, ADMITS that in 2020 there were no other full-time or tenured female faculty members in Professor Roe's program and DENIES the remaining allegations in said paragraph.

9.     DENIES the allegations set forth in paragraph 9 of the Complaint.

10.     With respect to the allegations in paragraph 10, ADMITS that Plaintiff finally reached back out to the Title IX/EEO Office at the close of the Spring 2022 semester and that Defendant investigated her complaint and DENIES the remaining allegations in said paragraph.

11.     With respect to the allegations in paragraph 11, ADMITS that Professor Roe was elevated to the Director of the Bachelor of Fine Arts Product Design and that Dean David Lewis

17860144.4 5/28/2024

made an email announcement congratulating Professor Roe and expressing "great confidence" in him and DENIES the remaining allegations in said paragraph.

12.     Paragraph 12 contains legal conclusions for which no response is required, but to the extent a response is required, ADMITS that Professor Roe exchanged texts messages with Plaintiff, invited her to drinks, and sent her a bouquet of tulips, DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the exact number of text messages, the time the text messages were received, and the number of hours of video calls that Professor Roe made to Plaintiff, and DENIES the remaining allegations in said paragraph.

13.     With respect to the allegations in paragraph 13, ADMITS that Professor Roe never asked for sex or made lewd comments to Plaintiff and DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the remaining allegations in said paragraph.

14.     Paragraph 14 contains legal conclusions for which no response is required, but to the extent a response is required, ADMITS that Professor Roe previously invited students and coworkers for drinks and provided students and coworkers with gifts and DENIES the remaining allegations in said paragraph.

15.     DENIES the allegations contained in paragraph 15 of the Complaint.

16.     With respect to the allegations in paragraph 16, ADMITS that another student came forward regarding Professor Roe following Plaintiff's 2022 Complaint, ADMITS that the findings of the investigation were provided to Plaintiff in December 2022 and DENIES the remaining allegations in said paragraph.

17.     DENIES the allegations contained in paragraph 17 of the Complaint.

18.     Paragraph 18 contains legal conclusions for which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

19.     Paragraph 19 contains legal conclusions for which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

20.     Paragraph 20 contains legal conclusions for which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

21.     ADMITS the allegations contained in paragraph 23 of the Complaint.[1]

22.     ADMITS the allegations contained in paragraph 24 of the Complaint.

23.     ADMITS the allegations contained in paragraph 26 of the Complaint.

24.     ADMITS the allegations contained in paragraph 27 of the Complaint.

25.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

26.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

27.     Paragraph 30 contains legal conclusions for which no response is required, but to the extent a response is required, ADMITS that venue is proper in the Southern District of New York because Defendant is headquartered in this District, and DENIES the remaining allegations in said paragraph.

28.     With respect to the allegations in paragraph 31, ADMITS that Professor Joel Stoehr extended an invitation to Plaintiff to interview in Fall 2019 regarding a teaching position at Parsons and that Plaintiff was eventually selected for the position, DENIES KNOWLEDGE

---

[1] The Complaint skips from paragraph 20 to paragraph 23, omitting paragraphs 21 and 22.  It also omits paragraph 25.

17860144.4 5/28/2024

OR INFORMATION sufficient to form a belief as to whether the role was highly sought after in the design industry, and DENIES the remaining allegations in said paragraph.

29.    With respect to the allegations in paragraph 32, DENIES that Plaintiff worked under Professor Roe and ADMITS the remaining allegations in said paragraph.

30.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

31.    Paragraph 34 contains legal conclusions for which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

32.    DENIES the allegations contained in paragraph 35 of the Complaint.

33.    With respect to the allegations contained in paragraph 36, ADMITS that Professor Roe asked Plaintiff out for drinks and sent Plaintiff a list of activities to do together, and DENIES the remaining allegations in said paragraph.

34.    DENIES the allegations contained in paragraph 37.

35.    DENIES the allegations contained in paragraph 38 of the Complaint.

36.    With respect to the allegations contained in paragraph 39, Defendant states that the referenced text messages speak for themselves, DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the exact number of text messages exchanged and hours of video calls between Plaintiff and Professor Roe, and DENIES the remaining allegations in said paragraph.

37.    Paragraph 40 contains legal conclusions for which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

38.     With respect to the allegations contained in paragraph 41, Defendant states that the referenced text message speaks for itself and DENIES the remaining allegations in said paragraph.

39.     With respect to the allegations contained in paragraph 42, Defendant states that the referenced text messages speak for themselves, ADMITS that Professor Roe sent flowers to Plaintiff's home for her birthday, and DENIES the remaining allegations in said paragraph.

40.     With respect to the allegations contained in paragraph 43 of the Complaint, Defendant states that the referenced text messages speak for themselves and DENIES the remaining allegations in said paragraph.

41.     With respect to the allegations contained in paragraph 44 of the Complaint, Defendant states that the referenced text messages speak for themselves and DENIES the remaining allegations in said paragraph.

42.     With respect to the allegations contained in paragraph 45, Defendant states that the referenced text message speaks for itself and DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the remaining allegations in said paragraph.

43.     DENIES the allegations contained in paragraph 46 of the Complaint.

44.     With respect to the allegations contained in paragraph 47, Defendant states that the referenced text messages speak for themselves and DENIES the remaining allegations in said paragraph.

45.     Paragraph 48 contains a legal conclusion to which no response is required, but to the extent a response is required, DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the remaining allegations in said paragraph.

46.     With respect to the allegations contained in paragraph 49, ADMITS that Professor Roe proposed to then-Dean Kirkbride that he co-teach BYOF with Plaintiff in the Spring 2021 semester, and DENIES the remaining allegations in said paragraph.

47.     With respect to the allegations contained in paragraph 50, DENIES that Professor Roe "dangled" the benefit of health insurance "as a carrot" in his proposition to co-teach, and DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the remaining allegations in said paragraph.

48.     Paragraph 51 contains a legal conclusion for which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

49.     With respect to the allegations contained in paragraph 52, ADMITS that Professor Roe forwarded Plaintiff an opportunity to work with the Korres brand, and DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the remaining allegations in said paragraph.

50.     With respect to the allegations contained in paragraph 53, Defendants states that the referenced text messages speak for themselves and DENIES the remaining allegations in said paragraph.

51.     With respect to the allegations contained in paragraph 54, Defendants states that the referenced text messages speak for themselves and DENIES the remaining allegations in said paragraph.

52.     With respect to the allegations in paragraph 55, ADMITS upon information and belief that Professor Roe's father passed away in Winter of 2020, and DENIES the remaining allegations in said paragraph.

53.     With respect to the allegations in paragraph 56, ADMITS that Plaintiff and Professor Roe shared a Zoom classroom for the Design Studio 2 course in the Spring 2021 semester, and DENIES the remaining allegations in said paragraph.

54.     With respect to the allegations in paragraph 57, ADMITS that Plaintiff began to teach BYOF with Professor Roe in the Spring 2021 semester for one quarter of the time and was paid for one quarter of the credits, and DENIES the remaining allegations in said paragraph.

55.     With respect to the allegations in paragraph 58, Defendant states that the referenced text message speaks for itself and DENIES the remaining allegations in said paragraph.

56.     DENIES the allegations in paragraph 59 of the Complaint.

57.     With respect to the allegations in paragraph 60, ADMITS that Professor Roe expressed disappointment that he could not attend the Nespresso installation, ADMITS that Professor Roe planned to give Plaintiff a gift, DENIES that Professor Roe indicated that he was planning to surprise Plaintiff, and DENIES the remaining allegations in said paragraph.

58.     With respect to the allegations in paragraph 61, Defendant states that the referenced text message speaks for itself and DENIES the remaining allegations in said paragraph.

59.     With respect to the allegations in paragraph 62, Defendant states that the referenced text messages speak for themselves and DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the remaining allegations in said paragraph.

60.     DENIES the allegations contained in paragraph 63 of the Complaint.

61.     With respect to the allegations contained in paragraph 64, Defendant states that the referenced text messages speak for themselves and DENIES the remaining allegations in said paragraph.

62.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 65.

63.     DENIES the allegations contained in paragraph 66 of the Complaint.

64.     Paragraph 67 contains a legal conclusion for which no response is required, but to the extent a response is required, DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the remaining allegations in said paragraph.

65.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint.

66.     With respect to the allegations contained in paragraph 69, Defendant states that the referenced text messages speak for themselves and DENIES the remaining allegations in said paragraph.

67.     With respect to the allegations contained in paragraph 70, Defendant states that the referenced text messages speak for themselves and DENIES the remaining allegations in said paragraph.

68.     With respect to the allegations contained in paragraph 71, Defendant states that the referenced text messages speak for themselves and DENIES the remaining allegations in said paragraph.

69.     With respect to the allegations contained in paragraph 72, Defendant states that the referenced email speaks for itself, and DENIES the remaining allegations in said paragraph.

70.    With respect to the allegations contained in paragraph 73, Defendant states that the referenced email speaks for itself, and DENIES the remaining allegations in said paragraph.

71.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations that Plaintiff began having a panic attack and called her mom and DENIES the remaining allegations in said paragraph.

72.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 75, except DENIES that Professor Roe was in a position of power over Plaintiff.

73.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 76, except ADMITS that Professor Roe did not have control over Plaintiff's job and DENIES that Professor Roe had any significant influence over Plaintiff's job.

74.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 77.

75.    With respect to the allegations contained in paragraph 78, ADMITS that Professor Roe purchased a large piece of machinery from Plaintiff and traveled upstate with his friend to pick up the machine from Plaintiff, and DENIES the remaining allegations in said paragraph.

76.    DENIES the allegations contained in paragraph 79 of the Complaint.

77.    DENIES the allegations contained in paragraph 80 of the Complaint.

78.    DENIES the allegations contained in paragraph 81 of the Complaint.

79.    DENIES the allegations contained in paragraph 82 of the Complaint.

80.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint, except ADMITS that by the Fall of 2021, Plaintiff had only very limited contact with Professor Roe.

81.    With respect to the allegations contained in paragraph 84, ADMITS that Plaintiff received an appointment letter for the Spring 2022 semester that did not include the Build Your Own Factory Class, and DENIES the remaining allegations in said paragraph.

82.    With respect to the allegations contained in paragraph 85, DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations that Plaintiff could not obtain University health coverage, University retirement contributions of ten percent per year, or tuition assistance, and DENIES the remaining allegations in said paragraph.

83.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint.

84.    DENIES the allegations contained in paragraph 87 of the Complaint as phrased, and to the extent that Plaintiff references specific correspondence in which Professor Roe requested to play in the garage, respectfully refers to the relevant correspondence for a full and accurate rendition of its contents.

85.    DENIES the allegations contained in paragraph 88 of the Complaint.

86.    DENIES the allegations contained in paragraph 89 of the Complaint.

87.    With respect to the allegations contained in paragraph 90, ADMITS that Plaintiff reached out to the University ombudsman, and DENIES the remaining allegations in said paragraph.

88.    DENIES the allegations contained in paragraph 91 of the Complaint.

17860144.4 5/28/2024

89.     With respect to the allegations contained in paragraph 92 of the Complaint, Defendant states that the referenced email speaks for itself, and DENIES the remaining allegations contained in said paragraph.

90.     DENIES the allegations contained in paragraph 93 of the Complaint.

91.     With respect to the allegations contained in paragraph 94 of the Complaint, Defendant states that the November 5, 2021 email speaks for itself, and DENIES the remaining allegations in said paragraph.

92.     DENIES the allegations contained in paragraph 95 of the Complaint.

93.     DENIES the allegations contained in paragraph 96 of the Complaint.

94.     DENIES the allegations contained in paragraph 97 of the Complaint.

95.     DENIES the allegations contained in paragraph 98 of the Complaint.

96.     DENIES the allegations contained in paragraph 99 of the Complaint.

97.     With respect to the allegations contained in paragraph 100, ADMITS that Professor Roe was promoted to Program Director for the Department, and DENIES the remaining allegations in said paragraph.

98.     With respect to the allegations contained in paragraph 101, admits that Plaintiff received another request for her signature on her appointment letter on January 3, 2022 which did not include the BYOF course, and DENIES the remaining allegations in said paragraph.

99.     DENIES the allegations contained in paragraph 102 of the Complaint.

100.    Paragraph 103 contains legal conclusions for which no response is required, but to the extent a response is required, DENIES that Professor Roe "followed" Plaintiff to Grand Central Terminal, and ADMITS the remaining allegations in said paragraph.

101.    Paragraph 104 contains legal conclusions for which no response is required, but to the extent a response is required, ADMITS that Plaintiff complained to the Title IX/EEO office about Professor Roe following her alleged rejection of his romantic advance, and DENIES the remaining allegations in said paragraph.

102.    DENIES the allegation contained in paragraph 105 of the Complaint.

103.    DENIES the allegation contained in paragraph 106 of the Complaint.

104.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the Complaint, except DENIES that Plaintiff was working under Professor Roe's supervision.

105.    DENIES the allegations contained in paragraph 108 of the Complaint.

106.    ADMITS that paragraph 109 of the Complaint correctly quotes an excerpt from Section XIII of the University's Harassment Policy and respectfully refers to that Policy for a full and accurate rendition of its terms.

107.    DENIES the allegations contained in paragraph 110 of the Complaint.

108.    Paragraph 111 contains legal conclusions for which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

109.    DENIES the allegations contained in paragraph 112 of the Complaint.

110.    Paragraph 113 contains legal conclusions for which no response is required, but to the extent a response is required, ADMITS that Plaintiff was temporarily removed from the University's website due to an administrative oversight, and DENIES the remaining allegations in said paragraph.

17860144.4 5/28/2024

111.    ADMITS the allegations contained in paragraph 114 of the Complaint, except DENIES the characterization that Ms. Jaus and Mr. Puno-DeLeon "purportedly promptly launched their investigation."

112.    With respect to the allegations contained in paragraph 115, ADMITS that Professor Roe was elevated to the Director of the Bachelor of Fine Arts Product Design Program and that Dean Lewis's email announcement expressed "great confidence" in Professor Roe, and DENIES the remaining allegations in said paragraph.

113.    Paragraph 116 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

114.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 117, except ADMITS that Professor Roe was placed on leave on or about August 2022.

115.    ADMITS the allegations contained in paragraph 118 of the Complaint.

116.    DENIES the allegations contained in paragraph 119 of the Complaint.

117.    With respect to the allegations contained in paragraph 120 of the Complaint, Defendant states that the letter speaks for itself, and DENIES the remaining allegations in said paragraph.

118.    DENIES the allegations contained in paragraph 121 of the Complaint.

119.    Paragraph 122 contains legal conclusions for which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

120.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 123 of the Complaint.

17860144.4 5/28/2024

121.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 124 of the Complaint.

122.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 125 of the Complaint.

123.    In response to paragraph 126, Defendant repeats and realleges its responses to paragraphs 1-125 of the Complaint.

124.    ADMITS the allegations contained in paragraph 127 of the Complaint.

125.    DENIES the allegations contained in paragraph 128 of the Complaint, except ADMITS Professor Roe was a fulltime faculty member.

126.    Paragraph 129 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

127.    Paragraph 130 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

128.    Paragraph 131 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

129.    Paragraph 132 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

130.    Paragraph 133 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

131.    In response to paragraph 134, Defendant repeats and realleges its responses to paragraphs 1-133 of the Complaint.

132.    Paragraph 135 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

133.    Paragraph 136 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

134.    Paragraph 137 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

135.    Paragraph 138 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

136.    Paragraph 139 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

137.    Paragraph 140 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

138.    Paragraph 141 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

139.    In response to paragraph 142, Defendant repeats and realleges its responses to paragraphs 1-141 of the Complaint.

140.    ADMITS the allegations contained in paragraph 143 of the Complaint.

141.    Paragraph 144 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

142.    Paragraph 145 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

143.    Paragraph 146 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

144.    Paragraph 147 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

17860144.4 5/28/2024

145.    Paragraph 148 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

146.    Paragraph 149 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

147.    In response to paragraph 150, Defendant repeats and realleges its responses to paragraphs 1-149 of the Complaint.

148.    Paragraph 151 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

149.    Paragraph 152 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

150.    Paragraph 153 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

151.    Paragraph 154 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

152.    Paragraph 155 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

153.    Paragraph 156 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

154.    In response to paragraph 157, Defendant repeats and realleges its response to paragraphs 1-156 of the Complaint.

155.    Paragraph 158 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

17860144.4 5/28/2024

156.    Paragraph 159 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

157.    Paragraph 160 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

158.    Paragraph 161 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

159.    Paragraph 162 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

160.    Paragraph 163 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

161.    Paragraph 164 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

162.    Paragraph 165 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

163.    Paragraph 166 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

164.    In response to paragraph 167, Defendant repeats and realleges its responses to paragraphs 1-166 of the Complaint.

165.    Paragraph 168 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

166.    Paragraph 169 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

18

167.    Paragraph 170 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

168.    Paragraph 171 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

169.    Paragraph 172 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

170.    Paragraph 173 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

171.    Paragraph 174 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

172.    Paragraph 175 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

173.    In response to paragraph 176, Defendant repeats and realleges its responses to paragraphs 1-175 of the Complaint.

174.    Paragraph 177 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

175.    Paragraph 178 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

176.    Paragraph 179 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

177.    Paragraph 180 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

178.    In response to paragraph 181, Defendant repeats and realleges its responses to paragraphs 1-180 of the Complaint.

179.    ADMITS the allegations contained in paragraph 182 of the Complaint.

180.    Paragraph 183 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

181.    Paragraph 184 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

182.    Paragraph 185 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

183.    Paragraph 186 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

184.    Paragraph 187 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

185.    Paragraph 188 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

186.    Paragraph 189 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

187.    Paragraph 190 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

188.    In response to paragraph 191, Defendant repeats and realleges its answers to paragraphs 1-190 of the Complaint.

189.    ADMITS the allegations contained in paragraph 192 of the Complaint.

190.    Paragraph 193 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

191.    Paragraph 194 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

192.    DENIES the allegations contained in paragraph 195 of the Complaint, and respectfully refers to the language of Section XIII of the referenced policy for a full and accurate rendition of its terms.

193.    DENIES the allegations contained in paragraph 196 of the Complaint, as phrased, but ADMITS it launched its investigation in June 2022, four months after Plaintiff first complained.

194.    DENIES the allegations contained in paragraph 197 of the Complaint.

195.    Paragraph 198 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

196.    Paragraph 199 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

197.    Paragraph 200 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

198.    Paragraph 201 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

199.    Paragraph 202 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

200.    In response to paragraph 203, Defendant repeats and realleges its responses to paragraphs 1-202.

201.     Paragraph 204 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

202.     Paragraph 205 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

203.     Paragraph 206 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

204.     Paragraph 207 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

205.     Paragraph 208 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

206.     Paragraph 209 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

207.     Paragraph 210 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

208.     Paragraph 211 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

209.     In response to paragraph 212, Defendant repeats and realleges its responses to paragraphs 1-211 of the Complaint.

210.     Paragraph 213 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

211.     Paragraph 214 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

212.    Paragraph 215 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

213.    Paragraph 216 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

214.    Paragraph 217 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

215.    In response to paragraph 218, Defendant repeats and realleges its responses to paragraphs 1-217 of the Complaint.

216.    Paragraph 219 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

217.    DENIES the allegations contained in paragraph 220 of the Complaint, except admits that Professor Roe was an employee of the Defendant from 2007 until December 2023.

218.    Paragraph 221 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

219.    Paragraph 222 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

220.    Paragraph 223 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

221.    Paragraph 224 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

222.    Paragraph 225 contains legal conclusions to which no response is required, but to the extent a response is required, DENIES the remaining allegations in said paragraph.

17860144.4 5/28/2024

223.    DENIES any further allegations not specifically admitted or otherwise responded to herein.

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE

224.    The Plaintiff's claims in the Complaint are barred and/or should be dismissed, in whole or in part, because they fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

225.    Plaintiff has failed to commence this action within the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

226.    All actions taken by the Defendant were for reasonable, legitimate, nondiscriminatory reasons.

### FOURTH AFFIRMATIVE DEFENSE

227.    The Defendant exercised reasonable care to prevent and correct promptly any sexually harassing behavior by Professor Roe.

228.    The Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to otherwise avoid any alleged harm.

### FIFTH AFFIRMATIVE DEFENSE

229.    Plaintiff's claims are barred, in whole or in part, due to the failure to join necessary and/or indispensable parties.

### SIXTH AFFIRMATIVE DEFENSE

230.    Upon information and belief, Plaintiff has failed to mitigate her damages, in whole or in part.

## <u>SEVENTH AFFIRMATIVE DEFENSE</u>

231.    The alleged independent acts of Professor Roe constitute a supervening proximate cause of harm and damages to Plaintiff, and supersede any damages or injury alleged to have been caused by or contributed to by Defendant and/or its alleged acts or omissions.

Dated:  May 28, 2024                                     BOND, SCHOENECK & KING, PLLC


By:     /s/ Michael P. Collins
           Michael P. Collins, Esq.
           Michaela J. Mancini, Esq.
*Attorneys for Defendant*
600 Third Avenue, 22nd Floor
New York, New York  10016-1915
Telephone:  (646) 253-2300

17860144.4 5/28/2024